IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., et al.[1] | ) | Case No. 09-14490 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION, (B) ENTER INTO NEW INSURANCE POLICIES, (C) MAINTAIN POSTPETITION FINANCING OF INSURANCE PREMIUMS, AND (D) ENTER INTO NEW POSTPETITION FINANCING AGREEMENTS

Upon the motion dated as of the Petition Date (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to: (a) continue insurance coverage entered into prepetition and continue to pay all prepetition premiums, taxes, charges, and other obligations, including brokers' fees, owed under or with respect to existing insurance policies; (b) enter into new insurance policies through renewal of the current insurance policies or the purchase of new policies; (c) maintain premium financing agreements for insurance coverage entered into prepetition; and (d) enter into new postpetition premium financing agreements, all as more fully set forth in the Motion;[2] and the Court having found that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.
51407-001\DOCS_DE:155925.2

having found that the relief requested is proper under 11 U.S.C §§ 105, 361, 362, 363, and 364; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having found that such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and the Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to continue their insurance policies uninterrupted and, in their sole discretion, and continue to pay all prepetition premiums, taxes, charges, and other obligations, including brokers' fees, owed under or with respect to existing insurance policies to the extent that the Debtors determine that such payment is necessary or appropriate (collectively, the "Policies").

3. The Debtors are authorized, but not directed, to enter into, revise, extend, renew, supplement or change such Policies in the ordinary course of business.

4. The Debtors are authorized to continue in place, and honor the terms of, its premium financing agreement ("PFA"), including by paying postpetition installment payments under the PFA as such installment payments come due.

5. The Debtors are authorized to continue the PFA uninterrupted and, in their sole discretion, to make any prepetition payments related to the PFA to the extent that the Debtors determine that such payment is necessary or appropriate.

6. The Debtors are authorized, but not directed, to enter into, revise, extend, renew, supplement or change such PFA in the ordinary course of business.

7. The Debtors' banks are authorized to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or inter-company transfer requests issued by the Debtors in respect of any Insurance Obligations, whether prepetition or postpetition.

8. Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Insurance Policies.

9. To the extent any Insurance Policies or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of those Insurance Policies or related agreements under section 365 of the Bankruptcy Code.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed

3

on the Debtors under any approved debtor-in-possession financing facility, or any order regarding the use of cash collateral.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____
United States Bankruptcy Judge