IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., *et al.*[1] | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF ORDER (A) SCHEDULING
AN OBJECTION DEADLINE AND COMBINED HEARING ON THEIR
DISCLOSURE STATEMENT AND PLAN CONFIRMATION, (B) APPROVING
FORM AND NOTICE OF CONFIRMATION HEARING, (C) ESTABLISHING
PROCEDURES FOR OBJECTIONS TO THEIR PLAN AND DISCLOSURE STATEMENT,
(D) APPROVING SOLICITATION PROCEDURES AND (E) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court, pursuant to this motion (this "Motion"), for the entry of an order: (a) scheduling an objection deadline and a combined hearing (the "Confirmation Hearing") on the adequacy of the *Disclosure Statement for Solicitation of Acceptances of Prepackaged Joint Chapter 11 Plan of Reorganization*, dated December 18, 2009 (as amended from time to time, the "Disclosure Statement") and confirmation of the *Prepackaged Joint Plan of Reorganization of Latham International, Inc., et al., Under Chapter 11 of the Bankruptcy Code*, dated December 18, 2009 (as amended from time to time, the "Plan");[2] (b) approving the form and manner of notice of the Confirmation Hearing; (c) establishing procedures for objections to the Plan and Disclosure

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1

Statement; (d) approving the solicitation procedures (the "Solicitation Procedures") used in connection with the Debtors' solicitation of the Plan prior to the Petition Date (as defined below); and (e) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, to consummate the restructuring and the transactions contemplated under the Plan.

4. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made, and no committees have been appointed or designated in these Cases. Concurrently with the filing of this

2

Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

6. The factual background relating to the Debtors' commencement of these Cases is set forth in detail in the *Declaration of Mark Laven in Support of First Day Motions* (the "Laven Declaration"), filed contemporaneously with this Motion and incorporated herein by reference.

7. Commencing in August 2009 and continuing thereafter, the Debtors entered into discussions with certain of their prepetition secured lenders (the "Lender Parties") to reduce their debt load and ensure that they maintain competitive operations. In mid-December 2009, the Debtors reached agreement with certain of the Lender Parties that formed a group prepetition, and that constitute "Required Lenders" under the Credit Agreement (the "Steering Group"), on the terms of a comprehensive balance sheet restructuring of the Debtors' debt structure effectuated through the Plan. The Plan contemplates a significant de-leveraging and a full allowance for the allowed claims of the Debtors' unsecured creditors, other than the Claims of the Debtors' senior subordinated noteholders and the Debtors' subordinated noteholders, which claims will not receive any distribution pursuant to the Plan.

8. Beginning on December 18, 2009, the Debtors solicited votes to accept or reject the Plan (the "Solicitation"). As a result of the Solicitation, the Plan has been accepted by the only class of creditors entitled to vote on the Plan (*i.e.*, Class 3 – Prepetition Financing Claims). Contemporaneously herewith, the Debtors have filed the Plan and its accompanying Disclosure Statement, along with a motion seeking approval of the adequacy of the disclosure statement (the "Disclosure Statement"), approval of the solicitation procedures and confirmation of the Plan.
3

**Relief Requested**

9. By this Motion, the Debtors respectfully request entry of an order (the "Scheduling Order"): (a) scheduling an objection deadline for objections to the Plan and Disclosure Statement and scheduling the Confirmation Hearing; (b) approving the form and manner of notice of the Confirmation Hearing; (c) establishing procedures for objections to the Plan and Disclosure Statement; (d) approving the Solicitation Procedures; and (e) granting related relief.

10. Below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the Debtors' proposed dates for the mailing of the Confirmation Hearing Notice, the Confirmation Hearing, and the Objection Deadline (as defined below):

| PROPOSED TIMETABLE | |
|---|---|
| Record Date for Voting | December 15, 2009 |
| Commencement of Solicitation | December 18, 2009 |
| Voting Deadline | December 21, 2009 |
| Petition Date | December 22, 2009 |
| Completion of Mailing of Confirmation Hearing Notice | December 24, 2009 |
| Objection Deadline | January 15, 2010 |
| Reply Deadline | January 19, 2010 |
| Confirmation Hearing | January 21, 2010 |

**Basis for Relief**

11. As set forth herein, prior to the Petition Date, the Debtors solicited votes on the Plan from Holders of Prepetition Financing Claims classified in Class 3 under the Plan, the only class of creditors entitled to vote on the Plan (the "Voting Class"). The Plan was overwhelmingly accepted by the Voting Class. Indeed, 100% of all Class 3 Creditors who voted on the Plan cast votes to

4

accept the Plan.³ All holders of claims or interests in non-voting classes need not be solicited because such Holders are either: (a) unimpaired and conclusively presumed to accept the Plan pursuant to Bankruptcy Code section 1126(f); or (b) impaired, entitled to receive no distribution on account of such claims or interests under the Plan, and are therefore deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g). Consequently, the Debtors respectfully submit that no additional solicitation is required.

B. **Scheduling the Confirmation Hearing and Setting Plan Objection Deadline**

12. Pursuant to Bankruptcy Code sections 1128(a) and 105(d)(2)(B)(vi), the Debtors request that the Court set a hearing to consider confirmation of the Plan. The Debtors have successfully solicited the acceptance of the Plan, in accordance with Bankruptcy Code section 1126(c), from the Voting Class, the only class of claims entitled to vote on the Plan, as reflected in the *Affidavit of Service and Vote Certification with Respect to Tabulation of Ballots on Prepackaged Joint Plan Of Reorganization of Latham International, Inc., et al., Under Chapter 11 of the Bankruptcy Code.* (the "Voting Affidavit"), filed contemporaneously herewith. As a result, the Debtors request a single combined hearing (*i.e.*, the Confirmation Hearing), to seek the Court's approval of the Disclosure Statement and confirmation of the Plan. *See* 11 U.S.C. §§ 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation), 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of the Disclosure Statement with the Confirmation Hearing).

---

³ As set forth in the Voting Affidavit, of the 48 members of Class 3 entitled to vote, 43 members voted to accept the Plan, which acceptances constitutes $130,344,834.05 of the total $147,934,146.63 dollar amount of Class 3. Five members of Class 3 did not vote. Zero members of Class 3 voted to reject the Plan.

13.     The Debtors respectfully request that the Court (a) set the Confirmation Hearing at a time convenient for the Court, but preferably on January 21, 2010, and (b) set 5:00 p.m. (prevailing Eastern Time) on January 15, 2010, six days prior to the Confirmation Hearing, as the time by which all objections to the Plan must be filed (the "Objection Deadline"). The Debtors further request that the Court set 5:00 pm. (prevailing Eastern Time) on January 19, 2010 as the deadline for the Debtors to file a reply to any objections should they elect to do so.

C.     **Approval of Form and Manner of Notice of Confirmation Hearing**

14.     The Debtors request approval of the notice of the Confirmation Hearing substantially in the form of **Exhibit 1** annexed hereto (the "Confirmation Hearing Notice").[4]

15.     The Debtors propose to set December 15, 2009 as the record date for purposes of determining which holders of claims are entitled to vote to accept or reject the Plan for purposes of serving the Confirmation Hearing Notice. The Confirmation Hearing Notice will be served upon the Debtors' creditor matrix and all of the Debtors' equity interest holders of record, which service will occur as quickly as possible after the entry of the Scheduling Order. Pursuant to Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice will: (a) provide a brief summary of the Plan; (b) disclose the date and time of the Confirmation Hearing; and (c) disclose the date and time the Objection Deadline and the procedures for objecting to the Disclosure Statement and the Plan.

16.     The Confirmation Hearing Notice will be served upon: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the entities listed on the

---

[4] The Debtors do not seek approval of the Disclosure Statement under Bankruptcy Code § 1125(b). Such approval is not required at the present time because the Disclosure Statement was transmitted prepetition as part of the Solicitation. Rather, the Debtors will seek approval of the Disclosure Statement, including a finding that the Disclosure Statement contained "adequate information" as that term is used by Bankruptcy Code § 1125, at the Confirmation Hearing.

Consolidated List of Creditors Holding 35 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the administrative agent for the Lender Parties; (d) counsel to the Steering Group; (e) the Subordinated Debt Holders; (f) ; the Seller Note Holders; (g) Holders of General Unsecured Claims; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; and (j) Holders of Interests.

17. In addition, Bankruptcy Rule 2002(l) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice." Fed. R. Bankr. P. 2002(l). Prior to the Confirmation Hearing, the Debtors propose to publish the Confirmation Hearing Notice in the *Wall Street Journal (National Edition)* and *USA Today* on or prior to January 5, 2010. In addition, the Confirmation Hearing Notice will be available on the Debtors' website at http://chapter11.epiqsystems.com/latham. The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement, the Confirmation Hearing, and the Objection Deadline to entities who will not otherwise receive notice by mail as provided herein and through the Solicitation Procedures.

**D.  Procedures for Filing Objections to the Disclosure Statement and Confirmation of the Plan**

18. The Debtors request that the Court direct the manner in which objections to confirmation of the Plan (including objections to the Disclosure Statement), if any, must be made.

19. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). The Debtors request that the Court direct that all objections to the Plan be filed by the Objection Deadline

as provided herein (unless otherwise agreed-to by the Debtors in their sole discretion). The Debtors' proposed schedule would provide entities at least 16 days notice of the Objection Deadline.

20. In addition, the Debtors request that the Court require that objections to the Disclosure Statement and confirmation of the Plan or proposed modifications to the Plan, if any, must:

    a. be in writing;

    b. comply with the Bankruptcy Rules and the Local Rules;

    c. state the name and address of the objecting party and the amount and nature of the claim or equity interest beneficially owned by such entity;

    d. state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    e. be filed with the Clerk of the Court with proof of service thereof and served upon (i) counsel for the Debtors (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to the Agent; and (iv) counsel to the Steering Group; and (v) those parties who have a filed a notice of appearance in the Chapter 11 Cases.

21. The Debtors believe that the proposed timing for filing and service of objections and proposed modifications, if any, will afford the Court, the Debtors and other parties-in-interest sufficient time to consider objections and proposed modifications, if any, prior to the Confirmation Hearing.

### E. Approval of Solicitation Procedures

22. As described herein, by the Solicitation, the Debtors distributed the Disclosure Statement and solicited approval of the Plan prior to the commencement of the Cases. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes to accept or reject a plan of reorganization. Bankruptcy Rule

8

3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate." As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules and the Bankruptcy Code.

### 1. Record Date

23. Bankruptcy Rule 3018(b) provides that the "holders of record of the applicable security" in the Debtors entitled to receive ballots and the related solicitation materials are determined "on the date specified in the solicitation." The Solicitation Package (as defined herein) clearly identified December 15, 2009 as the record date (the "Record Date") for determining which holders of claims and equity interests were entitled to vote to accept or reject the Plan. Accordingly, the Debtors' designation of the Record Date conforms to the appropriate Bankruptcy Rules.

### 2. Approval of Voting Deadline

24. Bankruptcy Rule 3018(b) provides that prepetition acceptances or rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims or equity interests in each solicited class and the time for voting was not unreasonably short. The Debtors commenced the solicitation of votes for approval of the Plan on or about December 18, 2009. The Debtors established 5:00 p.m. (prevailing Eastern Time) on December 21, 2009 as the deadline to submit ballots to accept or reject the Plan (the "Voting Deadline"). The Ballots (as defined herein) stated in clear and conspicuous language that all Ballots must be properly executed,

9

completed, and delivered to Epiq Bankruptcy Solutions, LLC (the "Voting Agent"),[5] so that they were actually received by the Voting Agent no later than the Voting Deadline.

25. The Debtors respectfully submit that each holder of a claim entitled to vote to accept or reject the Plan, *i.e.*, holders of Class 3 Prepetition Financing Claims, had adequate time to consider the Plan and Disclosure Statement. Although the solicitation period may have been brief, the Plan and Disclosure Statement was subject to extensive review and comment by Holders of Class 3 Prepetition Financing Claims during the course of arduous, arm's length negotiations with the Debtors. Indeed, the entirety of Class 3 Claims are held by only fifteen (15) financial institutions with 48 total class members, all of whom had the opportunity to review and provide input on the terms of the Debtors' proposed restructuring. To ensure sufficient time to review the Plan and Disclosure Statement, holders of claims in the Voting Class were also entitled to return their Ballot to the Voting Agent by email or facsimile. In addition, the solicitation materials (including Ballots) were posted to Venue, the secure website maintained for the Holders of the Prepetition Financing Claims, at the outset of the solicitation period. Therefore, the Debtors submit that the voting period provided by the Solicitation Procedures was reasonable and sufficient under the facts and circumstances of the Cases and should be approved.

F. **Approval of Solicitation Package and Transmittal**

26. The Debtors caused a solicitation package (the "Solicitation Package") containing the Disclosure Statement, the Plan (attached as Exhibit A to the Disclosure Statement),

---

[5] The Debtors have applied for authority to retain Epiq Solutions, Inc. as their notice, claims, and solicitation agent pursuant to the *Application of Debtors for Order Under 28 U.S.C. § 156(C) Authorizing and Approving the Retention of and Appointing Epiq Bankruptcy Solutions, LLC as Noticing, Claims and Balloting Agent*, filed contemporaneously herewith.

and Ballot (as defined herein) to be transmitted to holders of the Voting Class claims on December 18, 2009. As noted above, the Solicitation Package was also posted on Venue at this time.

27. Bankruptcy Rule 3017(d) requires the Debtors to transmit a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtors distributed to creditors one or more ballots in the form of **Exhibit 2** annexed hereto (collectively, the "Ballots"). The forms for the Ballot is based on Official Form No. 14, but has been modified to address the particular circumstances of the Cases and to include certain additional information that the Debtors believe to be relevant and appropriate to the Voting Class to vote to accept or reject the Plan. *See* Fed. R. Bankr. P. 3017(d).

28. The Solicitation Package was transmitted by the Debtors to the Voting Agent who, in turn, forwarded the Solicitation Package by electronic mail and overnight courier to the record holders of the Voting Class claims. Such holders were instructed to return their Ballots to the address specified on the Ballot and as described more fully below. All of the other holders of claims or equity interests were not provided with a Solicitation Package because such holders are either: (a) unimpaired and conclusively presumed to accept the Plan pursuant to Bankruptcy Code § 1126(f); or (b) impaired, entitled to receive no distribution on account of such claims or interests, and therefore deemed to have rejected the Plan pursuant to Bankruptcy Code § 1126(g).

## G. Approval of Procedures for Vote Tabulation

29. The Debtors respectfully request that the Bankruptcy Court approve the voting and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rule 3018(a).

30. Bankruptcy Code § 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

31. The Debtors request that the Court approve the vote tabulation methodology utilized by the Debtors. The Debtors did not count or consider for any purpose in determining whether the Plan has been accepted or rejected the following Ballots: (a) any Ballot that is received after the Voting Deadline (unless the Debtors grant an extension of the Voting Deadline with respect to the holder who casts the Ballot or otherwise agree to waive the timeliness requirement); (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan. The Voting Agent then verified the amount of claims voted by

12

such holders of Class 3 Prepetition Financing Claims by submitting a summary report to the Debtors to verify that the claim amount identified by each holder corresponded to obligations actually held by such holder as of the Record Date. In the event such amounts differed and could not be reconciled, the Voting Agent tabulated such claim amounts based on the amounts of claims held by such holder as provided by the Agent.

32. The foregoing Solicitation Procedures or those substantially similar have been approved in other prepackaged chapter 11 cases in this district and others. *See, e.g.*, *In re Source Interlink Companies, Inc.*, Case No. 09-11424 (Bankr. D. Del. April 29, 2009); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008); *In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); *In re Vertis Holdings, Inc.*, Case No. 08-11460 (CSS) (Bankr. D. Del. July 16, 2008); *In re Hilex Poly Co. LLC*, Case No. 08-10890 (KJC) (Bankr. D. Del. May 7, 2008).[6] .

H.     **The Debtors' Prepetition Solicitation Was Exempt From Registration and Disclosure Requirements Otherwise Applicable Under Nonbankruptcy Law**

33. Bankruptcy Code § 1126(b) provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if — (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (2) if

---

[6] *See also In re Remy Worldwide Holdings, Inc.*, Case No. 07-11481 (KJC) (Bankr. D. Del. Oct. 10, 2007); *In re IWO Holdings, Inc.*, Case No. 05-10009 (PJW) (Bankr. D. Del. Jan. 4, 2005); *In re Bally Total Fitness of Greater New York, Inc.*, Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 2, 2007); *In re Trico Marine Services, Inc.*, Case No. 04-17985 (SMB) (Bankr. S.D.N.Y. Dec. 22, 2004); *In re McLeodUSA Inc.*, Case No. 05-63230 (JHS) (Bankr. N.D. Ill. Oct. 31, 2005); *In re Orius Corp.*, Case No. 02-45127 (BWB) (Bankr. N.D. Ill. Nov. 18, 2002). Each of these orders are unpublished. Due to their voluminous nature, they have not been attached to the Motion. Proposed counsel to the Debtors will provide copies of any or all of these orders upon reasonable written request.

> there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b). Thus, prepetition solicitation must comply with either generally applicable federal or state securities laws and regulations (including the registration and disclosure requirements thereof) or, if such laws and regulations do not apply, the solicited holders must receive "adequate information" under Bankruptcy Code § 1125. *See* 7 Alan N. Resnick & Henry J. Sommer, eds., Collier on Bankruptcy ¶ 1126.03[2][d] (15th rev. ed.).

34. The Debtors respectfully submit that their prepetition solicitation is sheltered under one or more of the exceptions from registration provided by the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa (as amended from time to time, the "Securities Act"), including section (4)(2) thereof, exempting the Debtors' prepetition solicitation from the disclosure and registration requirements of the Securities Act, state "Blue Sky" laws, or any similar rules, regulations, or statutes. Section 4(2) of the Securities Act, in particular, creates an exemption from nonbankruptcy securities law for transactions not involving a "public offering." The Debtors believe the Solicitation did not constitute a public offering because the Debtors reasonably believe that all beneficial holders of claims in the Voting Class are "Accredited Investors" as that term is used under the Securities Act. As such, Bankruptcy Code § 1126(b)(1)'s requirements are inapplicable to the Debtors' prepetition Solicitation. As discussed more fully, below, the Debtors will seek a determination from the Court at the Confirmation Hearing that all solicited Voting Class received "adequate information" as defined by Bankruptcy Code § 1125(a) in accordance with Bankruptcy Code § 1126(b)(2).

14
51407-001\DOCS_DE:156007.2

## I. Approval of the Disclosure Statement at the Confirmation Hearing

35. At the Confirmation Hearing, the Debtors will request that the Court find that the Disclosure Statement contains adequate information as defined in Bankruptcy Code § 1125.

36. Bankruptcy Code § 1125(a) defines "adequate information" as

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . ..

11 U.S.C. § 1125(a)(1). The Debtors submit that the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code § 1125(a).

37. The Disclosure Statement is extensive and comprehensive. It contains descriptions and summaries of, among other things, (a) the Plan; (b) the pertinent events preceding the commencement of the Cases; (c) the claims asserted against the Debtors' estates; (d) transactions to be effectuated and securities to be issued under the Plan; (e) risk factors affecting the Plan; (f) a liquidation analysis setting forth the estimated return that holders of claims and equity interests would receive in a hypothetical chapter 7 case; (g) financial information and valuations that would be relevant to creditors' determinations of whether to accept or reject the Plan; and (h) securities law and federal tax law consequences of the Plan.

38. In addition, the Disclosure Statement was the subject of review and comment by, among others, legal and financial advisors to the Steering Group. Accordingly, the Debtors

15

submit that the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code § 1125(a) and should be approved.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

39. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

40. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee and (ii) the Debtors' prepetition secured lenders. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

41. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order (a) scheduling the Objection Deadline and the Confirmation Hearing; (b) approving the form and manner of notice of the Confirmation Hearing; (c) establishing procedures for objections to the Plan and Disclosure Statement; (d) approving the Solicitation Procedures used in connection with the Debtors' solicitation of the Plan prior to the Petition Date; and (e) granting such other and further relief as the Court may deem just and proper.

Dated: December 22, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        jfried@pszjlaw.com
        tcairns@pszjlaw.com

[Proposed] Counsel to Debtors and
Debtors in Possession

17
51407-001\DOCS_DE:156007.2