# EXHIBIT 1

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., et al.[1] | ) | Case No. _____ (___) |
| | ) | |
| Debtors. | ) | |
| | ) | (Joint Administration Requested) |

## SUMMARY OF PLAN OF REORGANIZATION AND NOTICE OF COMBINED HEARING ON (A) DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN OF REORGANIZATION AND RELATED MATTERS

**NOTICE IS HEREBY GIVEN** as follows:

On December 22, 2009 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a proposed plan of reorganization (the "Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m to 4:00 p.m (prevailing Eastern Time). The Plan and Disclosure Statement also are available for inspection on the Bankruptcy Court's Internet site at www.deb.uscourts.gov or free of charge on the Debtors' Internet site at http://chapter11.epiqsystems.com/latham.[2]

The Plan is a "prepackaged" plan of reorganization. The primary purpose of the Plan is to implement the restructuring of the Debtors' capital structure based on the Debtors' present and future operating prospects and to provide the Debtors with greater liquidity. Based on current projections, the funds available from the Debtors' operations and other sources will not be sufficient to meet the Debtors' debt service requirements or other obligations unless the restructuring is consummated. The Debtors believe that their restructuring will provide them with an appropriate capital structure in light of their projected opportunities and prospects.

The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests and indicates the acceptance or rejections of the Plan by each class entitled to vote.

| Class | Claims and Interests | Status | Accept/ Reject | Approximate Recovery |
|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept | 100% |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept | 100% |
| 3 | Prepetition Financing Claims | Impaired | Entitled to Vote | 24% to 34% |

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] **Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.**

| Class | Claims and Interests | Status | Accept/ Reject | Approximate Recovery |
|---|---|---|---|---|
| 4 | Subordinated Note Claims | Impaired | Deemed to Reject | 0% |
| 5 | Seller Note Claims | Impaired | Deemed to Reject | 0% |
| 6 | General Unsecured Claims | Unimpaired | Deemed to Accept | 100% |
| 7 | Existing Equity Interests | Impaired | Deemed to Reject | 0% |

**DISCHARGE, INJUNCTIONS, EXCULPATION AND RELEASES**

Please be advised that the Plan contains certain release, exculpation and injunction provisions as follows:

A. **Debtor Release.**

EACH DEBTOR, FOR ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND TRANSFEREES SHALL BE DEEMED TO HAVE RELEASED ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS, THE AGENT, THE LENDER PARTIES, HOLDERS OF EXISTING EQUITY INTEREST, AND THEIR RESPECTIVE REPRESENTATIVES, OFFICERS, DIRECTORS, PRINCIPALS, PARTNERS, MEMBERS, EMPLOYEES AGENTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, AND OTHER PROFESSIONALS, ACTING IN THEIR CAPACITY AS SUCH, ARISING PRIOR TO THE EFFECTIVE DATE.

B. **Third Party Release.**

EACH CREDITOR THAT (I) IS DEEMED TO HAVE VOTED TO ACCEPT THE PLAN; OR (II) DOES NOT ELECT TO OPT OUT OF THIS RELEASE BY CHECKING THE APPROPRIATE BOX ON THE BALLOT PROVIDED TO SUCH CREDITOR IN CONNECTION WITH SOLICITATION OF SUCH CREDITORS' VOTE TO ACCEPT OR REJECT THE PLAN, FOR ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, TRANSFEREES, THOSE OFFICERS AND DIRECTORS, ACTING IN SUCH CAPACITIES AS OF THE PETITION DATE, AGENTS, MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, EMPLOYEES, PARTNERS, AFFILIATES, REPRESENTATIVES, IN EACH CASE IN THEIR CAPACITY AS SUCH, SHALL, BY VIRTUE OF ITS VOTE, BE DEEMED TO HAVE RELEASED ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS, AGENT, LENDER PARTIES, HOLDERS OF EXISTING EQUITY INTEREST IN THE DEBTORS, AND THEIR RESPECTIVE REPRESENTATIVES, OFFICERS, DIRECTORS, PRINCIPALS, PARTNERS, MEMBERS, EMPLOYEES AGENTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, AND OTHER PROFESSIONALS, ACTING IN THEIR CAPACITY AS SUCH, ARISING PRIOR TO THE EFFECTIVE DATE.

C. **Exculpation.**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EACH OF THE DEBTORS, THE AGENT, THE LENDER PARTIES, HOLDERS OF EXISTING EQUITY INTERESTS, AND THEIR RESPECTIVE REPRESENTATIVES, OFFICERS, DIRECTORS, PRINCIPALS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, AND OTHER PROFESSIONALS, ACTING IN THEIR CAPACITY AS SUCH, SHALL NEITHER HAVE NOR INCUR ANY LIABILITY TO ANY PERSON OR ENTITY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN, IN CONNECTION WITH, OR RELATED TO, THE FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, ADMINISTRATION, CONFIRMATION OR CONSUMMATION OF THE PLAN OR ANY CONTRACT, INSTRUMENT, WAIVER, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO, IN CONNECTION WITH THE PLAN, OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH THE CASES; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS SUBSECTION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY PERSON OR ENTITY THAT

RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

D.   Injunction.

1. GENERALLY

UNLESS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL INJUNCTIONS AND STAYS PROVIDED FOR IN THE CASES PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE OR OTHERWISE IN EFFECT ON THE CONFIRMATION DATE SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE. FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS ARE PERMANENTLY ENJOINED FROM, AND RESTRAINED AGAINST, COMMENCING OR CONTINUING IN ANY COURT ANY SUIT, ACTION, OR OTHER PROCEEDING, OR OTHERWISE ASSERTING ANY CLAIM OR INTEREST, (A) SEEKING TO HOLD (I) THE DEBTORS OR NEWCO (ALL NEW ENTITIES) OR (II) THE PROPERTY OF THE DEBTORS OR NEWCO (ALL NEW ENTITIES), LIABLE FOR ANY CLAIM, OBLIGATION, RIGHT, INTEREST, DEBT, OR LIABILITY THAT HAS BEEN SATISFIED, DISCHARGED OR RELEASED PURSUANT THE PLAN.

2. INJUNCTION RELATED TO RIGHTS OF ACTION AND TERMINATED CLAIMS, ADMINISTRATIVE EXPENSES OR INTERESTS.

EXCEPT AS PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, AS OF THE CONFIRMATION DATE, ALL ENTITIES THAT HAVE HELD, CURRENTLY HOLD OR MAY HOLD A CLAIM, ADMINISTRATIVE EXPENSE CLAIM, INTEREST, OR OTHER DEBT OR LIABILITY THAT IS STAYED, IMPAIRED, OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS EITHER (X) AGAINST THE DEBTORS, NEWCO (ALL NEW ENTITIES), OR THEIR PROPERTY ON ACCOUNT OF ALL OR SUCH PORTION OF ANY SUCH CLAIMS, ADMINISTRATIVE EXPENSES, CLAIMS, INTERESTS, DEBTS, OR LIABILITIES THAT ARE STAYED, IMPAIRED, OR TERMINATED OR (Y) AGAINST ANY PERSON WITH RESPECT TO ANY RIGHT OF ACTION OR ANY OBJECTION TO A CLAIM, ADMINISTRATIVE EXPENSE CLAIM, OR INTEREST, WHICH RIGHT OF ACTION OR OBJECTION, UNDER THE PLAN, IS WAIVED, RELEASED, ASSIGNED OR EXCLUSIVELY RETAINED BY ANY OF THE DEBTORS: (A) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER, (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE; AND (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN. TO AVOID ANY DOUBT, EXCEPT AS OTHERWISE EXPRESSLY NOTED IN THE PLAN, NOTHING IN THE PLAN OR HEREIN SHALL BE CONSTRUED OR IS INTENDED TO AFFECT, ENJOIN, MODIFY, RELEASE, OR WAIVE ANY CLAIMS, RIGHTS, AND ACTIONS THAT A THIRD PARTY MAY HAVE AGAINST A PERSON OTHER THAN THE DEBTORS OR NEWCO, PROVIDED THAT SUCH CLAIMS, RIGHTS, AND ACTIONS ARE WHOLLY SEPARATE AND EXIST INDEPENDENTLY FROM ANY CLAIMS, RIGHTS, AND ACTIONS OF THE ESTATES.

## HEARING ON CONFIRMATION OF THE PLAN AND THE ADEQUACY OF THE DISCLOSURE STATEMENT

The hearing to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Court shall be held before the Honorable _____, United States Bankruptcy Judge, in Room __ of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on _____ at _____ __.m. (prevailing Eastern Time) (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Confirmation Hearing and which notice will be available on the electronic case filing docket.

Any objections (each, an "Objection") to the Plan or the Disclosure Statement must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or equity interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objection.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than January ____, 2010 **at 5:00 p.m. (prevailing Eastern Time)**, by: (a) proposed counsel for the Debtors,

Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), attn: Laura Davis Jones and Joshua M. Fried; (b) counsel to the Agent, Moore & Van Allen PLLC, Suite 4700, 100 North Tryon Street, Charlotte, North Carolina 28202, attn: David L. Eades, Esq. and Luis Lluberas-Oliver, Esq.; (c) counsel to Steering Group, Haynes & Boone, LLP, 1221 Avenue of the Americas, 26th Floor, New York, New York, 10020, attn: Lenard Parkins, Esq.; (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801; and (e) those parties who have a filed a notice of appearance in the Debtors' chapter 11 cases.

UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED

Dated: December ___, 2009

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302/652-4100
Facsimile: 302/652-4400
Email: ljones@pszjlaw.com
   dbertenthal@pszjlaw.com
   jfried@pszjlaw.com
   tcairns@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession