IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., *et al.*[1] | ) | Case No. 09-14490 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**AFFIDAVIT OF SERVICE AND VOTE CERTIFICATION WITH RESPECT
TO TABULATION OF BALLOTS ON PREPACKAGED JOINT PLAN OF
REORGANIZATION OF LATHAM INTERNATIONAL, INC., ET AL.,
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF NEW YORK )

       Stephenie Kjontvedt, being duly sworn, deposes and says, under the penalty of perjury:

       1.    I am a Vice President of Epiq Financial Balloting Group LLC (*"FBG"*), an affiliate of Epiq Bankruptcy Solutions, LLC (*"Epiq"* or the *"Voting Agent"*), each of which is located at 757 Third Avenue, 3rd Floor, New York, New York 10017.[2]

       2.    Epiq is the proposed Voting Agent for Latham International Inc., et al., the *"Debtors"*), as proposed debtors and debtors in possession, in the above-referenced chapter 11 cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] Epiq acted through its affiliate FBG in connection with the solicitation and tabulation process described herein.

3. The Debtors have designated Epiq as voting and tabulation agent to assist with: (i) the service of solicitation packages upon the creditors entitled to vote to accept or reject the *Prepackaged Joint Plan of Reorganization of Latham International, Inc. et al., Under Chapter 11 of the Bankruptcy Code* (the "***Prepackaged Plan***")[3] and (ii) the tabulation of ballots cast with respect to the Prepackaged Plan. I am authorized to submit this certification on behalf of Epiq. Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth, and if called as a witness, I could and would testify competently thereto.

### Service of Solicitation Packages

4. Jane Sullivan, the Executive Director of FBG, also assisted with the service of solicitation packages described herein.

5. The Debtors established December 15, 2009 as the record date (the "***Record Date***") for determining which creditors were entitled to vote on the Prepackaged Plan.

6. I supervised service of the following solicitation materials (collectively, the "***Solicitation Package***") and, unless otherwise noted, all parties were served on December 18, 2009:

    a. the *Disclosure Statement for Solicitation of Acceptances of Prepackaged Joint Chapter 11 Plan of Reorganization*, dated December 18, 2009, with all exhibits thereto (including, but not limited to, the Prepackaged Plan) (collectively, the "***Disclosure Statement and Plan***"), filed contemporaneously herewith;

    b. Ballot for Accepting or Rejecting the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Prepackaged Plan.

Bankruptcy Code for Class 3—Prepetition Financing Claims (the "*Class 3 Ballot*"), copy of which is attached hereto as Exhibit 1; and

c. a postage-paid UPS overnight envelope (the "*Return Envelope*"), a sample of which is not attached hereto.

7. I caused true and correct copies of the Solicitation Packages to be served as follows via the method of delivery indicated below:

a. an electronic copy of the Disclosure Statement and Plan, and a customized Class 3 Ballot in PDF format were served via email to the Class 3 parties at the addresses listed on Exhibit 2 attached hereto. Further, the parties on Exhibit 2 were notified via email that the aforementioned documents were posted to Venue, a secure website for viewing and downloading; and

b. a paper copy of the Disclosure Statement and Plan, a customized Class 3 Ballot, and a Return Envelope were served via next business day courier to the Class 3 parties at the addresses listed on Exhibit 3 attached hereto.

## Records

8. The list of Class 3 Prepetition Financing Claims with contact information and vote amounts was provided by Capstone Advisory Group, LLC a financial advisory firm retained by the Steering Group.

## Vote Certification

9. The proposed procedures for the solicitation and tabulation are outlined in the Disclosure Statement and the Ballots (the "*Solicitation Procedures*"). Epiq was designated by the Debtors to review, determine the validity of, and tabulate the ballots submitted to vote for the acceptance or rejection of the Prepackaged Plan by claimants entitled to vote on the Prepackaged Plan. I supervised the tabulation procedures performed by personnel of Epiq.

10. Epiq's professional staff has considerable experience in tabulating the ballots of creditors and security holders with respect to plans of reorganization.

11. Epiq was instructed to tabulate the ballots submitted by holders of claims in the following class in accordance with the Solicitation Procedures:

| Class | Type of Claim |
|---|---|
| Class 3 | Class 3 Prepetition Financing Claims |

(the "*Voting Class*").

12. As specified above and in the Solicitation Procedures, the Record Date for determining the holders of claims in the Voting Classes was December 15, 2009.

13. Ballots returned by facsimile, email, hand delivery, or overnight courier were received by personnel of Epiq at the offices of Epiq in New York City. All ballots received were date-stamped upon receipt and were processed in accordance with the procedures outlined in the Solicitation Procedures.

14. In order for a ballot to be counted as valid, the ballot must have been properly completed and executed by the holder of a claim in the Voting Class, or such holder's authorized representative, and must have been received by the deadline of 5:00 p.m. (prevailing Eastern Time) on December 21, 2009 (the "*Voting Deadline*").

15. All ballots cast by holders of claims in the Voting Class were validly executed, received by Epiq on or before the Voting Deadline, and tabulated as outlined in the Disclosure Statement Order. Accordingly, no ballots received by Epiq were excluded from the final tabulation of votes cast by holders of claims in the Voting Classes.

16. I hereby certify that the results of the voting by holders of claims in the Voting Class are as set forth in the table attached hereto as <u>Exhibit 4</u> which is a true and correct copy of the final tabulation of votes cast on properly completed ballots timely received by Epiq.

17. A report of all votes received by Epiq is attached hereto as <u>Exhibit 5</u>.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Stephenie Kjontvedt

SUBSCRIBED AND SWORN TO BEFORE ME on
this the 21st day of December 2009.

_____
Notary Public

ANTHONY SIEGLER
Notary Public, State of New York
No. 01SI6145378
Qualified in New York County
Commission Expires May 8, 2010