IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., *et al.*[1] | ) | Case No. 09-14490 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Related Docket No. 11** |

## ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, AND 507(a) FOR AN ORDER AUTHORIZING THE DEBTORS TO(I) PAY AND/OR HONOR PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION; (II) REMIT WITHHOLDING OBLIGATIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS

Upon consideration of the motion ("Motion") of the above-referenced debtors and debtors in possession (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtors (i) pay prepetition wages, salaries, employee benefits, and other compensation; (ii) remit withholding obligations; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) to authorize applicable banks and other financial institutions receive, process, honor, and pay certain checks presented for payment and honor

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby:

ORDERED that the Motion is GRANTED;[2] and it is further

ORDERED that the Debtors are authorized, but not directed, to pay and/or honor the Employee Wages and Benefits, in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' business, including, but not limited to amounts due on account of unpaid Wages and Benefits, and all costs associated therewith, subject to the following limits:

| Wages | $650,000 |
|---|---|
| Withholding Obligations | $50,000 |
| ADP | $10,000 |
| General Reimbursement Obligations | $75,000 |
| Medical Plan Obligations | $250,000 |
| Dental Plan Obligations | $20,000 |
| Vision Plan Obligations | $1,500 |

---

[2] All capitalized terms not otherwise defined herein are defined in accordance with their usage in the Motion.

| | |
|---|---|
| Disability Insurance, Life / D&D Insurance, Executive Life Insurance | $23,000 ~~$20,000~~ |
| 401(k) Fees | $10,000 |
| Automobile Expenses | $25,000 |

and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments to applicable third parties from Withholding Obligations and in respect of the Employee Benefits, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor outstanding checks for Uncleared Wages that may be outstanding as of the Petition Date; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with payment of the Employee Wages and Benefits; and it is further

ORDERED that no payments to any Employee for prepetition Wages will exceed the $10,950 cap per Employee provided under sections 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' right to contest the amount or validity of claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: December 23, 2009

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge