# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., *et al.*[1] | ) | Case No. 09-14490 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Related to Docket No. 20** |

## ORDER UNDER 11 U.S.C. §§ 105, 363, AND 503(b) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO PAY UNIMPAIRED CLAIMS IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order pursuant to sections 105(a), 363(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code") to pay, in the Debtors' sole discretion and in the ordinary course of business, prepetition claims that are unimpaired under that certain *Joint Plan of Reorganization of Latham International, Inc., Et Al. Under Chapter 11 of the Bankruptcy Code* (the "Plan"), filed concurrently with and as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1

§ 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all or part of the Unimpaired Claims in their sole discretion and in the ordinary course of business up to an amount of $1.25 million; and it is further

ORDERED that the Debtors are authorized, but not required to enter into an agreement with vendors (as applicable, an "Unimpaired Vendor Agreement") substantially in the form of the Unimpaired Vendor Agreement annexed to the Motion as Exhibit A in the exercise of the Debtors' reasonable business judgment that it is appropriate to do so; and it is further

ORDERED that the Debtors are authorized to undertake appropriate efforts to cause vendors to enter into an Unimpaired Vendor Agreement substantially in the form of the Unimpaired Vendor Agreement annexed to the Motion as Exhibit A; and it is further

ORDERED that the Debtors are authorized, as the Debtors deem necessary in the exercise of their reasonable business judgment, to require a vendor to execute the acknowledgement substantially in the form as the one annexed to the Motion as Exhibit B; and it is further

ORDERED that the Debtors are authorized to make payments on account of the Unimpaired Claims in the absence of an Unimpaired Vendor Agreement or acknowledgment in the Debtors' sole discretion and in the ordinary course of business; and it is further

ORDERED that the Debtors are authorized to negotiate and enter into new trade terms with any vendor as a condition to payment of any Unimpaired Claim; and it is further

ORDERED that as a further condition of receiving payment on account of an Unimpaired Claim, the applicable vendor must agree to take whatever action is necessary to remove, at its sole cost and expense, any lien that may have been filed by such vendor; and it is further

ORDERED that if a vendor breaches a Unimpaired Vendor Agreement or otherwise refuses to supply goods to the Debtors pursuant to the terms of such agreement and this Order following receipt of payment of its Unimpaired Claim, the Debtors (a) may declare without further order of the Court (i) that any payments made to such vendor on account of its Unimpaired Claim shall be deemed to have been made in satisfaction of any outstanding postpetition claims; and (ii) demand the repayment of the Unimpaired Claim to the extent the aggregate amount of such claim exceeds the postpetition obligations then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise; or (b) seek an order of the Order requiring such vendor to disgorge the funds used to pay the Unimpaired Claim; and it is further

ORDERED that all banks and financial institutions are hereby directed to honor all checks or wires issued for payments approved hereunder; and it is further

ORDERED that the Debtors are authorized to reissue checks or wire transfers for the payment of Unimpaired Claims approved by this Order where the applicable checks or wire transfers were issued prepetition, provided that, prior to the reissuance of any such check, the

Debtors have delivered a stop payment request to the bank on which any such check was drawn; and it is further

ORDERED that the relief granted herein and the Debtors' actions in connection with the performance of such relief shall not be deemed or construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute or contest any claim for any reason; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or that any such agreement is executory or an unexpired lease; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable non-bankruptcy law; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that the requirements set forth in Bankruptcy Rules 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that the notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rules 6004(h) are hereby waived, to the extent that they apply; and it is further

51407-001\DOCS_DE:155926.3

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 23, 2009

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge