UNITED STATES BANKRUPTCY COURT
_____ DISTRICT OF _____

In re _Latham International, Inc. et al._____          Case No. _09-14490(CSS)
      Debtor

## INITIAL MONTHLY OPERATING REPORT
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| 12-Month Cash Flow Projection (Form IR-1) | X | 13 week Cash Flow |
| **Certificates of Insurance:** | | |
| Workers Compensation | X | |
| Property | X | |
| General Liability | X | |
| Vehicle | X | |
| Other: Directors and Officers, Ocean Cargo | X | |
| Identify areas of self-insurance w/liability caps | NA | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | NA | |
| General Operating Account | Court Order | |
| Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | Court Order | |
| Other: | | |
| **Retainers Paid (Form IR-2)** | X | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____/s/_____          1/7/10
Signature of Debtor                 Date


_____          _____
Signature of Joint Debtor          Date

_____/s/_____          1/7/10
Signature of Authorized Individual*  Date

Mark P Laven                        CEO
Printed Name of Authorized Individual  Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

In re  Latham International, Inc. et al.　　　　　　　Case No.  09-14490(CSS)
　　　　　　　　　Debtor　　　　　　　　　　　　Reporting Period:　Initial MOR

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

(This schedule is to include each Professional paid a retainer[1])

| Payee | Check Date | Check Number | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| Pachulski Stang Ziehl & Jones LLP | | | Latham Manufacturing Corp | TBD | | TBD |
| Moelis & Company | | | Latham Manufacturing Corp | TBD | | TBD |
| EPIQ Bankruptcy Solutions | 12/9/2009 | Wire | Latham Manufacturing Corp | 25,000 | | 25,000 |

[1] Identify all Evergreen Retainers

Form IR-2
(4/07)

Latham International - US Companies
13 Week Cash Flow (000)

| Week Ending | Forecast 12/26/09 1 | Forecast 1/2/10 2 | Forecast 1/9/10 3 | Forecast 1/16/10 4 | Forecast 1/23/10 5 | Forecast 1/30/10 6 | Forecast 2/6/10 7 | Forecast 2/13/10 8 | Forecast 2/20/10 9 | Forecast 2/27/10 10 | Forecast 3/6/10 11 | Forecast 3/13/10 12 | Forecast 3/20/10 13 | Total 13 Weeks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash / (Loan) Balance | 6,732 | 6,028 | 5,522 | 6,177 | 4,817 | 3,569 | 2,400 | 1,411 | 0 | (0) | (0) | 0 | (0) | 6,732 |
| **Cash Receipts** | | | | | | | | | | | | | | |
| LMC | 134 | 159 | 106 | 63 | 177 | 194 | 230 | 225 | 254 | 315 | 375 | 329 | 405 | 2,965 |
| Kafko US | 35 | 31 | 42 | 64 | 55 | 40 | 96 | 96 | 95 | 60 | 92 | 133 | 145 | 984 |
| Viking Pools | 117 | 163 | 212 | 228 | 191 | 303 | 184 | 294 | 33 | 216 | 80 | 44 | 40 | 2,108 |
| Coverstar | 132 | 179 | 217 | 151 | 127 | 74 | 92 | 86 | 105 | 131 | 92 | 74 | 81 | 1,540 |
| Intercompany Loan Payment (Splash) | | | 3,368 | | | | | | | | | | | 3,368 |
| Total Receipts | 418 | 533 | 3,944 | 506 | 549 | 611 | 602 | 701 | 487 | 722 | 640 | 580 | 671 | 10,964 |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Raw Materials | 13 | 393 | 1,355 | 984 | 886 | 965 | 868 | 1,043 | 892 | 2,169 | 2,109 | 1,450 | 749 | 13,876 |
| Payroll, Taxes & Benefits (401K) | 655 | 598 | 674 | 591 | 382 | 549 | 434 | 806 | 453 | 560 | 381 | 880 | 439 | 7,403 |
| Rents & Utilities | 42 | 4 | 89 | 62 | 263 | 27 | 2 | 124 | 308 | 2 | 27 | 25 | 101 | 1,076 |
| Insurance | 350 | | 25 | 64 | 62 | | 25 | 64 | 62 | | 25 | 64 | 62 | 803 |
| Freight | 10 | 20 | 95 | 50 | 55 | 55 | 55 | 60 | 65 | 55 | 55 | 65 | 55 | 695 |
| Expense reports, Allowances, etc. | 15 | 20 | 75 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 510 |
| Capital Lease Payments | 0 | | 51 | | | 51 | 55 | | | | 51 | | | 208 |
| Operating Lease payments | 2 | 4 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | | 28 |
| Other (Prof Fees,Office, Supplies) | 0 | | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 80 | 40 | 480 |
| Total | 1,087 | 1,038 | 2,406 | 1,834 | 1,730 | 1,730 | 1,521 | 2,179 | 1,863 | 2,868 | 2,731 | 2,606 | 1,487 | 25,079 |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | |
| Capital Expenditures | 0 | | 68 | 33 | 67 | 50 | 70 | 82 | 150 | 50 | 80 | 234 | 50 | 934 |
| Interest and Bank Fees | 35 | | | | | | | | | | | | | 35 |
| Professional Fees (Filing) | 0 | | 815 | | | | | 800 | | | 1,310 | | | 2,925 |
| Total | 35 | 0 | 883 | 33 | 67 | 50 | 70 | 882 | 150 | 50 | 1,390 | 234 | 50 | 3,894 |
| Total Disbursements | 1,122 | 1,038 | 3,289 | 1,867 | 1,797 | 1,780 | 1,591 | 3,061 | 2,013 | 2,918 | 4,121 | 2,840 | 1,537 | 28,973 |
| Net Cash Flow | (704) | (506) | 655 | (1,360) | (1,248) | (1,169) | (989) | (2,360) | (1,526) | (2,196) | (3,481) | (2,259) | (867) | (18,009) |
| Increase/(Decrease) in Float | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Revolver Draw/(Repayment) | 0 | 0 | 0 | 0 | 0 | 2,400 | 1,411 | 949 | 1,525 | 2,196 | 3,481 | 2,259 | 867 | 11,277 |
| Ending Cash / (Loan) Balance | 6,028 | 5,522 | 6,177 | 4,817 | 3,569 | 2,400 | 1,411 | 0 | (0) | (0) | 0 | (0) | 0 | 0 |
| | 12/26/09 | 1/2/10 | 1/9/10 | 1/16/10 | 1/23/10 | 1/30/10 | 2/6/10 | 2/13/10 | 2/20/10 | 2/27/10 | 3/6/10 | 3/13/10 | 3/20/10 | |



# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 1/7/2010

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
Krauter & Company LLC
225 Franklin Street, 26th Floor
Boston, MA 02110
www.krautergroup.com

CONTACT NAME:
PHONE (A/C, No, Ext): 617 217-2100
FAX (A/C, No): 617 217-2600
E-MAIL ADDRESS:
PRODUCER CUSTOMER ID #:

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Twin City Fire Insurance Co. | 29459 |
| INSURER B: Twin City Fire Insurance Co. | 29459 |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED**
Latham International
787 Watervliet-Shaker Rd
Latham NY 12110

## COVERAGES   CERTIFICATE NUMBER: 6644277   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS |
|---|---|---|---|---|---|---|---|
| | GENERAL LIABILITY | | | | | | EACH OCCURRENCE $ |
| | COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) $ |
| | CLAIMS-MADE  OCCUR | | | | | | MED EXP (Any one person) $ |
| | | | | | | | PERSONAL & ADV INJURY $ |
| | | | | | | | GENERAL AGGREGATE $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY  PROJECT  LOC | | | | | | PRODUCTS - COMP/OP AGG $ |
| | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) $ |
| | ALL OWNED AUTOS | | | | | | BODILY INJURY (Per accident) $ |
| | SCHEDULED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) $ |
| | HIRED AUTOS | | | | | | $ |
| | NON-OWNED AUTOS | | | | | | $ |
| | UMBRELLA LIAB  OCCUR | | | | | | EACH OCCURRENCE $ |
| | EXCESS LIAB  CLAIMS-MADE | | | | | | AGGREGATE $ |
| | DEDUCTIBLE | | | | | | $ |
| | RETENTION $ | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | WC STATU-TORY LIMITS  OTH-ER E.L. EACH ACCIDENT $ E.L. DISEASE - EA EMPLOYEE $ E.L. DISEASE - POLICY LIMIT $ |
| A | D&O, EPL, Fiduciary, | | | 00KB025486208 | 12/19/2008 | 3/19/2010 | Limit - Combined Aggregate: $5,000,000 |
| B | Crime | | | 00KB025486208 | 12/19/2008 | 3/19/2010 | Limit : $2,500,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

**CERTIFICATE HOLDER**

Office of the United States Trustee
844 King Street
Suite 2207, Lockbox 35
Wilmington DE 19801

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE

*Stephanie Needham*
Stephanie Needham

ACORD 25 (2009/09)
© 1988-2009 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

CERT NO.: 6644277   Evelyn Montesinos 1/7/2010 6:30:58 AM Page 1 of 1

# CERTIFICATE OF LIABILITY INSURANCE

**ACORD®**

OP ID LB
LATH-11

DATE (MM/DD/YYYY): 12/30/09

| PRODUCER | |
|---|---|
| Rose and Kiernan, Inc.<br>P O Box 640<br>99 Troy Road<br>East Greenbush NY 12061<br>Phone: 518-244-4245  Fax: 518-244-4262 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| Latham Manufacturing Corp<br>Latham International Inc<br>787 Watervliet Shaker Road<br>Latham NY 12110 | INSURER A: Travelers Property Casualty | 341 |
| | INSURER B: The Charter Oak Fire Ins. Co | 080 |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $ |
| | | ☐ CLAIMS MADE  ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY  ☐ PROJECT  ☐ LOC | | | | PRODUCTS - COMP/OP AGG | $ |
| A | | **AUTOMOBILE LIABILITY**<br>☒ ANY AUTO<br>☐ ALL OWNED AUTOS<br>☐ SCHEDULED AUTOS<br>☒ HIRED AUTOS<br>☒ NON-OWNED AUTOS | Y810679K533ATIL09 | 12/30/09 | 12/30/10 | COMBINED SINGLE LIMIT (Ea accident) | $1000000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**<br>☐ ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN  EA ACC<br>AUTO ONLY:  AGG | $<br>$ |
| | | **EXCESS / UMBRELLA LIABILITY**<br>☐ OCCUR  ☐ CLAIMS MADE | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | DEDUCTIBLE | | | | | $ |
| | | RETENTION  $ | | | | | $ |
| B | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?  Y/N<br>(Mandatory in NH)<br>If yes, describe under SPECIAL PROVISIONS below | YVYBOUB8317M89A08 | 12/30/09 | 12/30/10 | ☒ WC STATU-TORY LIMITS  ☐ OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $1000000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $1000000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $1000000 |
| | | **OTHER** | | | | | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
All operations usual and incidental to the business of the named insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| OFFIC36<br>Office of the United States Trustee<br>844 King Street, Ste 2207<br>Lockbox 35<br>Wilmington DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL **30** DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |

ACORD 25 (2009/01)

CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# ACORD. CERTIFICATE OF PROPERTY INSURANCE

DATE (MM/DD/YY): 12/31/09

**PRODUCER**
Aon Risk Services Central, Inc.
St. Louis MO Office
8182 Maryland Avenue
St Louis MO 63105 USA

PHONE: (866) 283-7122  FAX: (847) 953-5390

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

COMPANY A: Travelers Property Cas Co of America
COMPANY B:
COMPANY C:
COMPANY D:

**INSURED**
Latham Manufacturing Corp.
787 Watervliet Shaker Road
Latham NY 12110-2211 USA

Holder Identifier: 570037325326

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|
| A | [X] PROPERTY | KTJCMB296T379009 | 12/30/09 | 12/30/10 | [ ] BUILDING | |
| | CAUSES OF LOSS | | | | [ ] PERSONAL PROPERTY | |
| | [ ] BASIC | | | | [X] BUSINESS INCOME w/o Extra Expense | $22,882,931 |
| | [ ] BROAD | | | | [X] EXTRA EXPENSE | $2,000,000 |
| | [X] SPECIAL | | | | [ ] BLANKET BUILDING | |
| | [ ] EARTHQUAKE | | | | [ ] BLANKET PERS PROP | |
| | [ ] FLOOD | | | | [X] BLANKET BLDG & PP | $100,000,000 |
| | [ ] INLAND MARINE TYPE OF POLICY | | | | | |
| | CAUSES OF LOSS [ ] NAMED PERILS [ ] OTHER | | | | | |
| | [ ] CRIME TYPE OF POLICY | | | | | |
| | [ ] BOILER & MACHINERY | | | | | |
| | [ ] OTHER | | | | | |

**LOCATION OF PREMISES \ DESCRIPTION OF PROPERTY**

**SPECIAL CONDITIONS / OTHER COVERAGES**

## CERTIFICATE HOLDER

Office of the United State Trustee
844 King StreetSuite 2207
Lockbox 35
Wilmington DE 19801 USA

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE: *Aon Risk Services Central Inc.*

ACORD 24 (1/95)  © ACORD CORPORATION 1995

# CERTIFICATE OF LIABILITY INSURANCE

**ACORD**

DATE (MM/DD/YYYY): 12/31/2009

**PRODUCER**
Aon Risk Services Central, Inc.
St. Louis MO Office
8182 Maryland Avenue
St Louis MO 63105 USA

PHONE- (866) 283-7122  FAX- (847) 953-5390

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
Latham Manufacturing Corp.
787 Watervliet Shaker Road
Latham NY 12110-2211 USA

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: National Union Fire Ins Co of Pittsburgh | 19445 |
| INSURER B: Liberty Surplus Ins Corp | 10725 |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |

## COVERAGES
SIR applies per terms and conditions of the policy

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

LIMITS SHOWN ARE AS REQUESTED

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| B | | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY CLAIMS MADE [X] OCCUR GEN'L AGGREGATE LIMIT APPLIES PER: POLICY / PRO-JECT / [X] LOC | EGLSF184252102 General Liabilitly | 12/30/2009 | 12/30/2010 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $50,000 |
| | | | | | | MED EXP (Any one person) | Excluded |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | AUTOMOBILE LIABILITY ANY AUTO / ALL OWNED AUTOS / SCHEDULED AUTOS / HIRED AUTOS / NON OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | |
| | | | | | | BODILY INJURY (Per person) | |
| | | | | | | BODILY INJURY (Per accident) | |
| | | | | | | PROPERTY DAMAGE (Per accident) | |
| | | GARAGE LIABILITY ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | |
| A | | EXCESS / UMBRELLA LIABILITY [X] OCCUR / CLAIMS MADE DEDUCTIBLE [X] RETENTION $10,000 | BE77710140 | 12/30/2009 | 12/30/2010 | EACH OCCURRENCE | $25,000,000 |
| | | | | | | AGGREGATE | $25,000,000 |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR / PARTNER / EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS / OTHER | |
| | | | | | | E.L. EACH ACCIDENT | |
| | | | | | | E.L. DISEASE-EA EMPLOYEE | |
| | | | | | | E.L. DISEASE-POLICY LIMIT | |
| | | OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

**CERTIFICATE HOLDER**
Office of the United State Trustee
844 King Street
Suite 2207
Lockbox 35
Wilmington DE 19801 USA

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
*Aon Risk Services Central Inc.*

Holder Identifier: 570037325330
Certificate No:

ACORD 25 (2009/01)
©1988-2009 ACORD CORPORATION. All rights reserved
The ACORD name and logo are registered marks of ACORD

# ACORD™ CERTIFICATE OF PROPERTY INSURANCE

DATE (MM/DD/YY): 12/31/09

| PRODUCER | |
|---|---|
| Aon Risk Services Central, Inc.<br>St. Louis MO Office<br>8182 Maryland Avenue<br>St Louis MO 63105 USA | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

PHONE: (866) 283-7122  FAX: (847) 953-5390

### COMPANIES AFFORDING COVERAGE

| | |
|---|---|
| COMPANY A | RLI Insurance Company |
| COMPANY B | |
| COMPANY C | |
| COMPANY D | |

**INSURED**
Latham Manufacturing Corp.
787 Watervliet Shaker Road
Latham NY 12110-2211 USA

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|
| | PROPERTY<br>CAUSES OF LOSS<br>☐ BASIC<br>☐ BROAD<br>☐ SPECIAL<br>☐ EARTHQUAKE<br>☐ FLOOD | | | | BUILDING<br>PERSONAL PROPERTY<br>BUSINESS INCOME w/o Extra Expense<br>EXTRA EXPENSE<br>BLANKET BUILDING<br>BLANKET PERS PROP<br>BLANKET BLDG & PP | |
| | ☐ INLAND MARINE<br>TYPE OF POLICY<br>CAUSES OF LOSS<br>☐ NAMED PERILS<br>☐ OTHER | | | | | |
| | ☐ CRIME<br>TYPE OF POLICY | | | | | |
| | ☐ BOILER & MACHINERY | | | | | |
| A | ☒ OTHER<br>Marine Cargo Cv | CAR0300071<br>Marine Cargo | 12/30/09 | 12/30/10 | Limit Amount (1)<br>Limit Amount (2) | $10,000<br>$100,000 |

**LOCATION OF PREMISES \ DESCRIPTION OF PROPERTY**
Steamer on Deck $10,000; Steamer Under Deck $100,000; Air $100,000

**SPECIAL CONDITIONS / OTHER COVERAGES**

### CERTIFICATE HOLDER

Office of the United States Trustee
844 King Street
Suite 2207
Lockbox 35
Wilmington DE 19801 USA

### CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE: *Aon Risk Services Central, Inc.*

Holder Identifier: 5700373255322
Certificate Number:

ACORD 24 (1/95)  © ACORD CORPORATION 1995

# Attachment to ACORD Certificate for Latham Manufacturing Corp.

The terms, conditions and provisions noted below are hereby attached to the captioned certificate as additional description of the coverage afforded by the insurer(s). This attachment does not contain all terms, conditions, coverages or exclusions contained in the policy.

INSURED
Latham Manufacturing Corp.
787 Watervliet Shaker Road
Latham NY 12110-2211 USA

| COMPANIES AFFORDING COVERAGE |
|---|
| COMPANY |
| COMPANY |
| COMPANY |
| COMPANY |

ADDITIONAL POLICIES  If a policy below does not include limit information, refer to the corresponding policy on the ACORD certificate form for policy limits.

| Co Ltr | Type of Insurance | Policy Number | Policy Eff. Date | Policy Expir. | Limits | |
|---|---|---|---|---|---|---|
| A | OTHER<br>Marine Cargo CV | CAR0300071<br>Marine Cargo | 12/30/09 | 12/30/10 | Limit Amount (3) | $100,000 |

LOCATION OF PREMISES \ DESCRIPTION OF PROPERTY

SPECIAL CONDITIONS / OTHER COVERAGES

Certificate Number : 570037325322

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., *et al.*[1] | ) | Case No. 09-14490 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Related Docket No. 15** |

## ORDER AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING BUSINESS FORMS, (III) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (IV) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS AND PROVIDING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (V) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the (i) maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions, (ii) continued use of existing business forms, (iii) continued use of the existing cash management system for the Debtors, (iv) continued performance of intercompany transactions and provision of administrative priority to postpetition intercompany claims, and (v) a limited waiver of 11 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

section 345(b) deposit and investment guidelines; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (ii) to use, in their present form, checks and other documents related to the Bank Accounts; and (iii) to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

ORDERED that Wachovia Bank and any other bank (collectively, the "Banks") at which any Bank Account is or may be maintained is hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any

Bank only if specifically authorized by order of this Court; and it is further

ORDERED that (i) that certain existing arrangements, between the Debtors and the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks; (ii) the Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the cash management system and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee and counsel to any official committee appointed in this case; and (iii) in the course of providing cash management services to the Debtors, each Bank is authorized, without further Order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors; and is further

ORDERED that no later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide to the Banks a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with its honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order; and it is further

ORDERED that each Bank that maintains a disbursement account of any of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order; and it is further

ORDERED that the Debtors may continue to fund their businesses and operations through the Bank Accounts, including without limitation, the Debtors' foreign subsidiaries as may be necessary; and it is further [handwritten: up to $50,000 per month solely to Pacific Pools Europe]

ORDERED that the Debtors shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' Cash Management System. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate with notice to the United States Trustee, the Debtors' principal lenders, and to any official committee appointed in these cases; provided, however, that any new account shall be

with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein; and it is further

ORDERED that the Debtors are authorized to continue to use their existing business and correspondence forms until such time as they are reasonably able to effectuate the necessary changes required to add the words "Debtor in Possession" to such forms; and it is further

ORDERED that the Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practice; and it is further

ORDERED that, subject to the following paragraph of this Order, the Debtors are authorized, on an interim basis, to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation, as requested in the Motion, all in accordance with the Debtors' customary prepetition Cash Management System, in addition to the investments and deposits permitted by Bankruptcy Code § 345 pending a final hearing on this aspect of the relief requested to be conducted on January 21, 2010 at 3:00 p.m. and it is further

ORDERED that the authority and approvals granted by the terms of this Order to the Debtors, including with respect to the opening and closing of bank accounts and continuation of their Cash Management System, shall be in all respect subject to any requirements imposed on the Debtors under any approved cash collateral order; and it is further

ORDERED that the Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED that pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, the Debtors are authorized to continue to consummate Intercompany Transactions in the ordinary course of business, including without limitation, funding the Debtors' foreign subsidiaries as may be necessary, and all Intercompany Claims by and against the Debtors are accorded administrative priority expenses status; provided, for the avoidance of doubt, that such Intercompany Claims shall at all times be junior and subordinate to the Adequate Protection Superpriority Claims granted pursuant to any approved cash collateral order to the Agent and the Secured Lenders (as each such term is defined in any approved cash collateral order); and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that the notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply, and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: December 23, 2009

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge