IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LATHAM INTERNATIONAL, INC., et al.,[1] | ) | Case No. 09-14490 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. _70_ |

## ORDER GRANTING DEBTORS' MOTION FOR ORDER AUTHORIZING PAYMENT OF EXPENSE DEPOSIT AND EXPENSE REIMBURSEMENTS TO PROPOSED EXIT FACILITY LENDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)

Upon consideration of the Debtors' motion (the "Motion") for entry of an order authorizing the Debtors to pay Expense Deposit and Expense Reimbursements to the Bank (as those terms are defined in the Motion) pursuant to 11 U.S.C. §§ 105(a) and 363(b); and it appearing that the relief requested is in the best interest of the Debtors' estates and it appearing that notice is proper and that no further notice of the relief requested in the Motion is required; and after due deliberation; and sufficient cause appearing therefor; it is **ORDERED** that:

1. The Motion is granted.

2. The Debtors are authorized and directed to pay the Bank an Expense Deposit of $75,000.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

3. The Debtors are authorized to reimburse the Bank for amounts incurred in addition to the amounts set forth above for expenses incurred by the Bank in negotiating and documenting an exit facility as Expense Reimbursements in an amount not to exceed $175,000.

4. The payment of the Expense Reimbursements are not capped by virtue of the $250,000 permitted hereby, and the Bank and the Debtors reserve the right to seek payment of additional expenses to the Bank in connection with the Confirmation Hearing or by further order of the Court. All Expenses and Expense Reimbursements paid to the Bank are non-refundable and not subject to disgorgement, and the Bank shall be entitled to retain the Expenses and Expense Reimbursements if the ABL Facility fails to close for any reason.

5. The Debtors are authorized to take any and all actions and enter into any agreements necessary for the payment of these amounts to the Bank.

6. Notwithstanding the possible applicability of Rules 6004(h), 7062, 9014, or other provisions in the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: 1/8, 2010

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge