# EXHIBIT 17

# SUBSCRIPTION AGREEMENT

This Subscription Agreement, dated as of January [•], 2010, is entered into by and between LMH I, Inc., a Delaware corporation (the "*LMH1*"), and LMH II, Inc., a Delaware corporation (the "*LMH2*").

## WITNESSETH

**WHEREAS**, LMH1 desires to issue and sell to the LMH2, and LMH2 desires to subscribe to and accept from LMH1 (i) one million (1,000,000) newly issued shares of common stock, $.001 par value per share, of LMH1 (the "*LMH1 Shares*") and (ii) a $20 million senior promissory note, as provided in that certain Master Note Agreement, of even date herewith, among the LMH1, LMH2 and [_____], as holders' representative, a copy of which is attached hereto as *Exhibit A* (the "*Note*"), in exchange for one thousand (1,000) newly issued shares of common stock, $.001 par value per share, of LMH2 (the "*LMH2 Shares*").

**NOW, THEREFORE**, in consideration of the above, the parties hereby agree as follows:

1. LMH1 agrees to issue and sell to LMH2, and LMH2 agrees to subscribe to and purchase from LMH1, (i) the LMH1 Shares and (ii) the Note in exchange for LMH2 issuing and selling the LMH2 shares to LMH1.

2. Upon the issuance of the LMH1 Shares and Note to LMH2, LMH2 agrees to issue and sell the LMH2 Shares to LMH1. Upon issuance, each of the LMH1 Shares and LMH2 Shares shall be duly authorized, validly issued, fully paid and nonassessable. Certificates representing each of the LMH1 Shares and LMH2 Shares shall be properly legended to reflect the fact that neither the LMH1 Shares nor the LMH2 Shares have been registered under the Securities Act of 1933, as amended (the "*Securities Act*").

3. LMH1 represents and warrants that the LMH1 Shares, when issued, will be duly authorized, validly issued, fully paid, nonassessable and that the LMH1 Shares shall represent all of the issued and outstanding capital stock of LMH1.

4. LMH1 represents and warrants that the LMH2 Shares are being acquired for its own account, for investment and not with a view to the distribution thereof. LMH1 understands that the LMH2 Shares have not been registered under the Securities Act or any state securities or "blue sky" laws by reason of their issuance in a transaction exempt from the registration requirements thereunder and may not be resold unless a subsequent disposition thereof is registered thereunder (LMH2 being under no obligation to so register) or is exempt from registration thereunder. LMH1 is not purchasing the LMH2 Shares as a result of any advertisement, article, notice or other communication regarding the LMH2 Shares published in any newspaper, magazine or similar media or broadcast over television or radio or presented at any seminar or any other general solicitation or general advertisement.

5. LMH2 represents and warrants that the LMH2 Shares, when issued, will be duly authorized, validly issued, fully paid, nonassessable and shall represent all of the issued and outstanding capital stock of LMH2.

6. LMH2 represents that the LMH1 Shares are being acquired for its own account, for investment and not with a view to the distribution thereof. LMH2 understands that the LMH1 Shares have not been registered under the Securities Act or any state securities or "blue sky" laws by reason of their issuance in a transaction exempt from the registration requirements thereunder and may not be resold unless a subsequent disposition thereof is registered thereunder (LMH1 being under no obligation to so

register) or is exempt from registration thereunder. LMH2 is not purchasing the LMH1 Shares as a result of any advertisement, article, notice or other communication regarding the LMH1 Shares published in any newspaper, magazine or similar media or broadcast over television or radio or presented at any seminar or any other general solicitation or general advertisement.

7. As evidence of the restriction on transfer, the following legend (or a substantially similar legend) will be placed on the certificate or certificates evidencing each of the LMH1 Shares and LMH2 Shares:

"THE REGISTERED HOLDER HEREOF HAS REPRESENTED TO THE ISSUER OF THE SHARES REPRESENTED HEREBY THAT IT HAS ACQUIRED SUCH SHARES FOR INVESTMENT PURPOSES AND NOT FOR DISTRIBUTION. ACCORDINGLY, SUCH SHARES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES OR BLUE SKY LAWS, AND MAY NOT BE SOLD OR TRANSFERRED UNLESS SUBSEQUENTLY REGISTERED THEREUNDER OR AN EXEMPTION FROM REGISTRATION THEREUNDER IS AVAILABLE."

Each of LMH1 and LMH2 may give appropriate stop-transfer instructions to any transfer agent for the LMH1 Shares or LMH2 Shares, respectively.

[Signature Page Follows]

# [SIGNATURE PAGE TO SUBSCRIPTION AGREEMENT]

IN WITNESS WHEREOF, the parties have executed and delivered this Subscription Agreement as of the date first written above.

**LMH I, INC.**

By:_____
    Name:
    Title:

**LMH II, INC.**

By:_____
    Name:
    Title:

# Exhibit A

# MASTER NOTE AGREEMENT