**EXHIBIT 18**

# CONTRIBUTION AGREEMENT

THIS CONTRIBUTION AGREEMENT (this "*Agreement*") is made as of January __, 2010, by and among LMH II, Inc., a Delaware corporation ("*LMH2*") and Latham Corporation, a Delaware corporation ("*Latham Corporation*"). Each of Latham Corporation and LMH2 are collectively referred to herein as the "*Parties*" and individually as a "*Party*."

## RECITALS

WHEREAS, LMH2 holds (i) 1,000,000 shares, $.001 par value per share (the "*LMH Shares*"), of LMH I, Inc., a Delaware corporation ("*LMH*"), which LMH Shares constitute all of the issued and outstanding capital stock of LMH, and (ii) a senior promissory note issued by LMH in the aggregate principal sum of $20,000,000 (the "*LMH Note*"); and

WHEREAS, LMH2 desires to transfer and assign the LMH Shares and the LMH Note to Latham Corporation in exchange for 1,000 newly issued shares of common stock, $.001 par value per share, of Latham Corporation (the "*LC Shares*"), which LC Shares shall constitute all of the issued and outstanding capital stock of Latham Corporation.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties hereto agree as follows:

1. Transfer and Issuance. Subject to the terms and conditions of this Agreement, (a) LMH2 shall convey, transfer and assign the LMH Shares and the LMH Note to Latham Corporation and (b) as consideration for the transfer of the LMH Shares and LMH Note, and upon receipt thereof, Latham Corporation shall issue the LC Shares to LMH2 (the "*Transfer and Issuance*").

2. Time and Place of Transfer and Issuance. The Transfer and Issuance shall take place immediately following the execution of this Agreement, or at such other date as may be agreed by the Parties by delivery of:

(a) to Latham Corporation (i) one or more original stock certificates for the LMH Shares, along with stock powers duly executed by LMH2, and (ii) one or more promissory notes evidencing the LMH Note, properly endorsed, without recourse, by LMH2, along with a duly executed assignment agreement related to the LMH Note reflecting the assignment of the LMH Note from LMH2 to Latham Corporation; and

(b) to LMH2 one or more stock certificates evidencing the LC Shares.

3. Representations and Warranties of LMH2. LMH2 represents and warrants that the LC Shares are being acquired for its own account, for investment and not with a view to the distribution thereof. LMH2 understands that the LC Shares have not been registered under the Securities Act of 1933, as amended, or any state securities or "blue sky" laws by reason of their issuance in a transaction exempt from the registration requirements thereunder and may not be resold unless a subsequent disposition thereof is registered thereunder (Latham Corporation being under no obligation to so register) or is exempt from registration thereunder. LMH2 is not purchasing the LC Shares as a result of any advertisement, article, notice or other communication regarding the LC Shares published in any newspaper, magazine or similar media or broadcast over television or radio or presented at any seminar or

any other general solicitation or general advertisement.

        4.      <u>Representations and Warranties of Latham Corporation</u>. Latham Corporation represents and warrants that the LMH Shares are being acquired for its own account, for investment and not with a view to the distribution thereof. Latham Corporation understands that the LMH Shares have not been registered under the Securities Act of 1933, as amended, or any state securities or "blue sky" laws by reason of their transfer to Latham Corporation in a transaction exempt from the registration requirements thereunder and may not be resold unless a subsequent disposition thereof is registered thereunder (LMH being under no obligation to so register) or is exempt from registration thereunder. Latham Corporation is not purchasing the LMH Shares as a result of any advertisement, article, notice or other communication regarding the LMH Shares published in any newspaper, magazine or similar media or broadcast over television or radio or presented at any seminar or any other general solicitation or general advertisement. Latham Corporation represents and warrants that the LC Shares, when issued, will be duly authorized, validly issued, fully paid, nonassessable and shall represent all of the issued and outstanding capital stock of Latham Corporation.

        5.      <u>Stock Certificate Legends</u>. As evidence of the restriction on transfer, each of LMH2 and Latham Corporation understand and agree that the following legend (or a substantially similar legend) will be placed on the certificate or certificates evidencing the each of the LMH Shares and LC Shares:

"THE REGISTERED HOLDER HEREOF HAS REPRESENTED TO THE ISSUER OF THE SHARES REPRESENTED HEREBY THAT IT HAS ACQUIRED SUCH SHARES FOR INVESTMENT PURPOSES AND NOT FOR DISTRIBUTION. ACCORDINGLY, SUCH SHARES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES OR BLUE SKY LAWS, AND MAY NOT BE SOLD OR TRANSFERRED UNLESS SUBSEQUENTLY REGISTERED THEREUNDER OR AN EXEMPTION FROM REGISTRATION THEREUNDER IS AVAILABLE."

        6.      <u>Further Instruments</u>. Each Party shall deliver all other items required to be delivered under this Agreement as may be reasonably requested by the other Parties to consummate the transactions contemplated by this Agreement.

        7.      <u>Miscellaneous Provisions</u>.

        (a)      Each Party shall assume and bear all expenses, costs, and fees incurred or assumed by such Party (including legal fees) in the preparation and execution of this Agreement and the performance of its obligations under this Agreement.

        (b)      No Party shall assign its rights under this Agreement without the prior written consent of the other Parties.

        (c)      This Agreement shall inure to the benefit of and bind the Parties and the respective administrators, successors, and permitted assigns of the Parties.

        (d)      This Agreement shall be construed and enforced in accordance with the laws of the State of Delaware (excluding any choice of law provisions that would render the law of another jurisdiction applicable).

        (e)      If any covenant, condition or other provision of this Agreement is rendered or declared by a court of last resort or by reason of any existing or subsequently enacted legislation to be

invalid and not binding on any of the Parties, the Parties will promptly meet and negotiate substitute provisions for those rendered or declared invalid, but all of the remaining provisions of the Agreement shall remain in full force and effect.

(f) From and after the closing the transactions hereunder, the Parties shall execute, acknowledge, and deliver or cause to be executed, acknowledged, and delivered such instruments and take such other actions as may be necessary or advisable to carry out their obligations under this Agreement and under any exhibit, document, certificate, or other instrument delivered pursuant to this Agreement.

(g) This Agreement may be executed in multiple counterparts each of which shall be deemed an original, but all of which together shall constitute the same instrument. This Agreement may also be executed by exchange of electronic or facsimile copies of original signature pages.

[signature page follows]

IN WITNESS WHEREOF, the Parties have executed this Agreement on the day, month and year first set forth above.

                    LMH II, INC.

                    By:_____
                       Name:
                       Title:

                    LATHAM CORPORATION

                    By:_____
                       Name:
                       Title: