**EXHIBIT 24**

Neither this Warrant nor any of the securities to be issued upon exercise of this Warrant have been registered under the Securities Act of 1933, as amended, or the securities laws of any state. Neither this Warrant nor any of such securities may be sold, transferred, or otherwise disposed of without registration under all applicable securities laws or an exemption from such registration.

No. of Shares: _____                                            Common Stock Warrant No. \_\_\_\_\_

Date of Grant: _____

# WARRANT

## TO PURCHASE COMMON STOCK OF

## LMH I, INC.

THIS WARRANT CERTIFIES THAT, for value received, _____, an individual (the "*Holder*"), whose address is _____, is entitled, subject to the terms and conditions set forth in the LMH I, Inc. 2010 Warrant Plan (the "*Plan*") and the terms and conditions set forth below, at any time after the date upon which the conditions to any exercise of this Warrant have been met, and not later than the Expiration Date (as defined below), to purchase _____ shares (subject to adjustment as provided below) of Common Stock, $0.001 par value, of LMH I, Inc., a Delaware corporation, at the price of $_____ per share (which is equal to or greater than the Fair Market Value on the date hereof), and subject to adjustment as provided below, in lawful funds of the United States of America payable in accordance with Section 2.3 below. This Warrant is intended to comply with the provisions governing nonstatutory options and other equity-based compensation under the final Treasury Regulations issued on April 17, 2007, in order to exempt this Warrant from application of Section 409A of the Internal Revenue Code of 1986, as amended (the "*Code*"). This Warrant is subject to the following further terms and conditions:

## ARTICLE I

## DEFINITIONS

1.1    In this Warrant:

"*Expiration Date*" means the earlier to occur of (i) 5:00 p.m., Eastern time, on _____ \_\_, 2020, (ii) the date determined in accordance with Section 2.5, or (iii) upon a Change in Control (provided that the Company shall give written notice to the Holder at least ten (10) days prior to any Change in Control, in order to give the Holder an opportunity to exercise this Warrant. Any exercise of this Warrant upon a Change in Control may be conditioned upon the consummation of such Change in Control).

"*Exercise Price*" means the price per share of Common Stock set forth in the first paragraph of the Preamble to this Warrant, as such price may be adjusted from time to time under Article IV.

"*Holder*" means the person or entity in whose name this Warrant is registered on the books of the Company maintained for such purpose.

"*Notice of Exercise*" means the form of Notice of Exercise appearing at the end of this Warrant.

"*Stockholders' Agreement*" means Stockholders' Agreement, dated as of _____, by and among the Company and the stockholders named therein, as the same may be amended, modified, or restated from time to time in accordance with its terms.

"*Warrant*" means this Warrant and all warrants issued upon the partial exercise, transfer or division of or in substitution for such warrant.

# ARTICLE II

## EXERCISE OF WARRANT

2.1 <u>Right to Exercise</u>. Subject to and upon compliance with the conditions of this <u>Article II</u>, the Holder shall have the right, at his option, to exercise this Warrant in whole or in part, at any time or from time to time, subject to the vesting schedule set forth in Section 7.2 of the Plan. Any exercise must occur prior to the Expiration Date. Notwithstanding the foregoing, as of the date of a Change in Control, any portion of this Warrant that has not vested as of such date shall become 100% vested and exercisable.

2.2 <u>Joinder in Stockholders' Agreement</u>. It shall be a condition to the exercise of this Warrant by any Holder who at the time of exercise is not a party to the Stockholders' Agreement that such Holder execute, upon such exercise, an addendum agreement to the Stockholders' Agreement by which such Holder, upon becoming a holder of Common Stock, shall adopt and agree to be bound by the Stockholders' Agreement. The requirement of this <u>Section 2.2</u> shall terminate upon any termination of the Stockholders' Agreement.

2.3 <u>Irrevocable Proxy</u>. The Holder acknowledges and agrees that the shares of Common Stock acquired by the exercise of this Warrant will be subject to an irrevocable proxy (the "*Irrevocable Proxy*") which will transfer the Holder's voting rights with respect to such shares to Cetus Capital, LLC, a Delaware limited liability company and the Holder agrees, prior to the Company issuing any stock certificates representing shares, to execute the Irrevocable Proxy.

2.4 <u>Notice of Exercise; Issuance of Common Stock</u>. To exercise this Warrant, the Holder shall deliver to the Company at its principal office at 787 Watervliet Shaker Road, Latham, New York 12110, (ii) a Notice of Exercise duly executed by the Holder and specifying the number of shares of Common Stock to be purchased and the date of exercise thereof (the "*Exercise Date*"), which shall be at least three (3) days after giving such notice unless an earlier time shall have been mutually agreed upon, (ii) an amount equal to the aggregate Exercise Price for all shares of Common Stock as to which this Warrant is then being exercised, (iii) this Warrant, (iv) if applicable under <u>Section 2.2</u> above, the addendum agreement to the Stockholders Agreement required by <u>Section 2.2</u>, and (v) the Irrevocable Proxy required by <u>Section 2.3</u> above.

Payment of the Exercise Price shall be made, at the option of the Holder, (a) by cash or check, bank draft, or money order payable to the order of the Company, (b) by Common Stock owned by the Holder on the Exercise Date, valued at its Fair Market Value on the Exercise Date, and which the Holder has not acquired from the Company within six (6) months prior to the Exercise Date, and/or (c) in any other form of valid consideration that is acceptable to the Committee in its sole discretion. Upon receipt of the Exercise Price, the Company shall, as promptly as practicable, and in any event within five (5) days thereafter, cause to be issued and delivered to the Holder, a certificate or certificates representing the aggregate number of full shares of Common Stock issuable upon such exercise registered in the name of the Holder.

Unless otherwise requested by the Holder, this Warrant shall be deemed to have been exercised and such certificate or certificates shall be deemed to have been issued, and the Holder shall be deemed to have become the holder of record of such shares for all purposes as of the close of business on the date the Notice of Exercise, together with this Warrant, any addendum agreement to the Stockholders' Agreement required by Section 2.2 above, and payment of the Exercise Price, are received by the Company.

If this Warrant is exercised in part, the Company shall, at the time of delivery of the certificate or certificates for Common Stock, unless this Warrant has then expired, issue and deliver to the Holder a new Warrant evidencing the rights of the Holder to purchase the aggregate number of shares of Common Stock for which this Warrant shall not have been exercised, and this Warrant shall be canceled.

2.5     Fractional Shares.  The Company shall not issue fractional shares of Common Stock or scrip representing fractional shares of Common Stock upon any exercise of this Warrant. As to any fractional share of Common Stock which the Holder would otherwise be entitled to purchase from the Company upon exercise, the Company shall purchase the fractional share from the Holder at a price equal to an amount calculated by multiplying such fractional share (calculated to the nearest 1/100th of a share) by its current Fair Market Value, as determined by the Board, on the date the Notice of Exercise is received by the Company. Payment of that amount shall be made in cash or by checks payable to the order of the Holder at the time of delivery of any certificate or certificates issued upon such exercise.

2.6     Termination of Employment.  If the Holder's employment with the Company is terminated for any reason whatsoever (including, but not limited to, the Holder's death, Total and Permanent Disability, voluntary or involuntary Termination of Service (whether with or without cause) or Retirement) this Warrant shall expire at 12:01 a.m., Eastern time, on the date of such Termination of Service.

## ARTICLE III

### REGISTRATION; RESTRICTION ON TRANSFER

The Company shall keep at its principal office referred to in Section 2.3 a register in which, subject to such reasonable regulations as it may prescribe, the Company shall (subject to the provisions of the Stockholders' Agreement) provide for the registration and exchange of this Warrant. The Company will not at any time, except upon the dissolution, liquidation or winding up of the Company, close such register so as to prevent or delay the exercise of this Warrant.

Upon receipt by the Company of evidence satisfactory to it (in the exercise of reasonable discretion) of the ownership of and the loss, theft, destruction or mutilation of this Warrant and (in case of loss, theft or destruction) the written agreement of the Holder to indemnify the Company against any resulting loss or expense and in case of mutilation upon surrender and cancellation of this Warrant, the Company will execute and deliver in lieu hereof a new Warrant.

Neither this Warrant nor any rights hereunder may be assigned, conveyed or transferred, in whole or in part, without the Company's prior written consent, which the Company may withhold in its sole discretion.

The Company and any agent of the Company may treat the person in whose name this Warrant is registered as the owner of this Warrant for all purposes, and neither the Company nor any agent of the Company shall be affected by notice to the contrary.

## ARTICLE IV

### CERTAIN ADJUSTMENTS

The number of shares of Common Stock covered by this Warrant, and the Exercise Price thereof, shall be subject to adjustment in accordance with Articles 11 - 13 of the Plan. [Mark's Agreement only - Notwithstanding the foregoing, this Warrant shall not be subject to cancellation pursuant to Section 12.4 of the Plan without the Holder's written consent, which shall not be unreasonably withheld.]

## ARTICLE V

### NO IMPAIRMENT

The Company shall not by any action, including, without limitation, amending its Certificate of Incorporation or through any reorganization, transfer of assets, consolidation, merger, dissolution, issue or sale of securities or any other voluntary action, avoid or seek to avoid the observance or performance of any of the terms of this Warrant, but will at all times in good faith assist in the carrying out of all such terms and in the taking of all such action as may be necessary or appropriate to protect the rights of the Holder against impairment. Without limiting the generality of the foregoing, the Company will (a) not change the par value of any shares of Common Stock receivable upon the exercise of this Warrant to an amount greater than the amount payable therefor upon such exercise, (b) take all such action as may be necessary or appropriate in order that the Company may validly and legally issue fully paid and nonassessable shares of Common Stock upon the exercise of this Warrant, (c) obtain all such authorizations, exemptions or consents from any public regulatory body having jurisdiction thereof as may be necessary to enable the Company to perform its obligations under this Warrant, and (d) not undertake any reverse stock split, combination, reorganization or other reclassification of its capital stock which would have the effect of making this Warrant exercisable for less than one share of Common Stock.

## ARTICLE VI

### RESERVATION OF STOCK ISSUABLE ON EXERCISE OF WARRANT: PREEMPTIVE RIGHTS

The Company will at all times reserve and keep available, solely for issuance, sale and delivery upon the exercise of this Warrant, a number of shares of Common Stock equal to the number of full shares of Common Stock issuable upon the exercise of this Warrant. All shares of Common Stock issuable upon the exercise of this Warrant shall, when issued upon such exercise, (a) be duly and validly issued, fully paid and nonassessable, and (b) be free from all taxes, liens and charges with respect to their issuance other than any stock transfer taxes in respect of any transfer occurring contemporaneously with such issue. Except as set forth in the Stockholders' Agreement, no stockholder of the Company has or shall have any preemptive rights to subscribe for such shares of Common Stock.

## ARTICLE VII

### MISCELLANEOUS

7.1 <u>Subject to Plan</u>. This Warrant and its exercise are subject to the terms and conditions of the Plan, and the terms of the Plan shall control to the extent not otherwise inconsistent with the provisions of this Warrant. The capitalized terms used herein that are defined in the Plan shall have the

same meanings assigned to them in the Plan. This Warrant is subject to any rules promulgated pursuant to the Plan by the Board or the Committee and communicated to the Participant in writing.

7.2     The Holder's Acknowledgments. The Holder acknowledges receipt of a copy of the Plan, which is annexed hereto, and represents that he or she is familiar with the terms and provisions thereof, and hereby accepts this Warrant subject to all the terms and provisions thereof. The Holder hereby agrees to accept as binding, conclusive, and final all decisions or interpretations of the Committee or the Board, as appropriate, upon any questions arising under the Plan or this Warrant.

7.3     Entire Agreement. This Warrant together with the Plan supersede any and all other prior understandings and agreements, either oral or in writing, between the parties with respect to the subject matter hereof and constitute the sole and only agreements between the parties with respect to the said subject matter. All prior negotiations and agreements between the parties with respect to the subject matter hereof are merged into this Warrant. Each party to this Warrant acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any party or by anyone acting on behalf of any party, which are not embodied in this Warrant or the Plan and that any agreement, statement or promise that is not contained in this Warrant or the Plan shall not be valid or binding or of any force or effect.

7.4     Nonwaiver. No course of dealing or any delay or failure to exercise any right hereunder on the part of the Holder shall operate as a waiver of such right or otherwise prejudice the Holder's rights, powers or remedies.

7.5     Holder Not A Stockholder. Before exercise of this Warrant, the Holder shall not be entitled to any of the rights of a stockholder of the Company including, without limitation, the right as a stockholder to (a) vote or consent, or (b) receive (i) dividends or any other distributions made to stockholders, (ii) notice of, or attend, any meetings of stockholders of the Company or (iii) notice of any other proceedings of the Company.

7.6     Notice Generally. Any notice, demand or delivery to be made pursuant to the provisions of this Warrant shall be sufficiently given or made if sent by first class mail, postage prepaid, addressed to (a) the Holder at its last known address appearing on the books of the Company maintained for such purpose or (b) the Company at its principal office referred to in Section 2.3. The Holder and the Company may each designate a different address by notice to the other pursuant to this Section 7.6.

7.7     Acknowledgment of Holder; Tax Requirements. The Holder, by execution of this Warrant, acknowledges that this Warrant is compensatory in nature, and is hereby advised to consult with his own tax advisor regarding the tax consequences of this Warrant, including, without limitation, potential tax consequences to the Holder under Section 409A of the Code. The Company or, if applicable, any Subsidiary (for purposes of this Section 7.7, the term "*Company*" shall be deemed to include any applicable Subsidiary), shall have the right to deduct from all amounts hereunder paid in Common Stock, cash, or any other form, any Federal, state, local, or other taxes required by law to be withheld in connection with this Warrant. The Company may, in its sole discretion, also require the Holder receiving shares of Common Stock issued under this Warrant to pay the Company the amount of any taxes that the Company is required to withhold in connection with the Holder's income arising with respect to this Warrant. Such payments shall be required to be made when requested by the Company and may be required to be made prior to the delivery of any certificate representing shares of Common Stock. Such payment may be made (i) by the delivery of cash to the Company in an amount that equals or exceeds (to avoid the issuance of fractional shares under (iii) below) the required tax withholding obligations of the Company; (ii) if the Company, in its sole discretion, so consents in writing, the actual delivery by the exercising Holder to the Company of shares of Common Stock that the Holder has not

acquired from the Company within six (6) months prior to the date of exercise, which shares so delivered have an aggregate Fair Market Value that equals or exceeds (to avoid the issuance of fractional shares under (iii) below) the required tax withholding payment; (iii) if the Company, in its sole discretion, so consents in writing, the Company's withholding of a number of shares to be delivered upon the exercise of the Warrant, which shares so withheld have an aggregate fair market value that equals (but does not exceed) the required tax withholding payment; or (iv) any combination of (i), (ii), or (iii). The Company may, in its sole discretion, withhold any such taxes from any other cash remuneration otherwise paid by the Company to the Holder.

7.8    Successors and Assigns. This Warrant and the rights evidenced hereby shall inure to the benefit of and be binding upon the successors of the Company. The provisions of this Warrant are intended to be for the sole benefit of the initial Holder of this Warrant, and shall be enforceable only by such initial Holder, except as otherwise specifically provided in Article III above.

7.9    No Right to Continue Employment. Nothing herein shall be construed to confer upon the Holder the right to continue in the employment of the Company or interfere with or restrict in any way the right of the Company to discharge the Holder at any time (subject to any contract rights of the Holder).

7.10    Amendment. This Warrant may not be modified or amended except by written agreement of the Company and the Holder.

7.11    Headings. The headings of the Articles and Sections of this Warrant are for the convenience of reference only and shall not, for any purpose, be deemed a part of this Warrant.

7.12    Governing Law. This Warrant shall be governed by the laws of the State of Delaware.

*[The remainder of this page is intentionally blank. The signature page follows.]*

IN WITNESS WHEREOF, the parties have duly executed this Warrant as of the date first set forth above.

**LMH I, INC.**

By:_____
Name:_____
Title:_____

**HOLDER:**

_____
Printed Name:

**SIGNATURE PAGE TO WARRANT**
D-1816396.1

# NOTICE OF EXERCISE FORM

(To be executed only upon partial
or full exercise of the within Warrant)

      The undersigned registered Holder of the within Warrant irrevocably exercises on _____, _____ the within Warrant for and purchases _____ shares of Common Stock of LMH I, Inc. and agrees to make payment therefor in the amount of $_____, all at the price and on the terms and conditions specified in the within Warrant and requests that a certificate (or certificates in denominations of shares) for the shares of Common Stock of LMH I, Inc. hereby purchased be issued in the name of and delivered to undersigned, and if such shares of Common Stock shall not include all the shares of Common Stock issuable as provided in the within Warrant, that a new Warrant of like tenor for the number of shares of Common Stock of LMH I, Inc. not being purchased hereunder be issued in the name of and delivered to the undersigned.

Dated:_____, _____

 

                                                                       By_____
                                                                              (Signature of Registered Holder)

NOTICE:      The signature to this Notice of Exercise must correspond with the name as written upon the face of the within Warrant in every particular, without alteration or enlargement or any change whatever.

**NOTICE OF EXERCISE**

D-1816396.1