IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LATHAM INTERNATIONAL, INC., et al.,[1] | ) Case No. 09-14490 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related Docket No. 69** |

### ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS FINANCIAL ADVISOR TO DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO PETITION DATE, AND (II) MODIFYING TIME-KEEPING REQUIREMENTS UNDER LOCAL RULES PURSUANT TO LOCAL RULE 2016-2(g)

Upon the *Motion of Debtors for Order (I) Authorizing Employment and Retention of Moelis & Company LLC as Financial Advisor to Debtors and Debtors in Possession Nunc Pro Tunc to Petition Date, and (II) Modifying Time-Keeping Requirements under Local Rules Pursuant to Local Rule 2016-2(g)* (the "Motion")[2]; and upon consideration of the declaration of Todd Wadler in support of the Motion; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having determined

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Latham International, Inc (9049), 787 Watervliet Shaker Road, Latham, NY 12110; Latham Manufacturing Corp. (9130), 787 Watervliet Shaker Road, Latham, NY 12110; Viking Pools, LLC (2924), 1473 Industrial Park Road, Jane Lew, WV 26378; Coverstar, LLC (1935), 1795 West 200 North, Lindon, UT 84046; and Kafko (U.S.) Corp. (0638), 787 Watervliet Shaker Road, Latham, NY 12110.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and the Wadler Declaration establish sufficient cause for the relief granted herein,

IT IS HEREBY ORDERED THAT

1. The Motion is granted as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, the Debtors are authorized to employ and retain Moelis as their financial advisor, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter.

3. Moelis shall be compensated and reimbursed for its expenses in accordance with the terms of the Engagement Letter, and, in particular, all of Moelis' fees and expenses in these bankruptcy cases, including, without limitation, the Monthly Fee, the Restructuring Fee, and the DIP Financing Fee, are approved pursuant to section 328(a) of the Bankruptcy Code.

4. The compensation and expenses payable to Moelis pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code except by the UST. The UST alone shall be entitled to review Moelis's motions for payment of compensation and reimbursement of expenses under the standard set forth in section 330 of the Bankruptcy Code.

5. Moelis shall file motions for interim and final allowance of compensation and reimbursement of expenses. Pursuant to Local Rule 2016-2(g), the requirements of Local Rule 2016-2 are modified as set forth herein. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines

regarding submission and approval of fee motions or applications, (1) only Moelis's restructuring professionals shall be required to keep time records in one-hour increments, (2) Moelis's non-restructuring professionals and employees shall not be required to keep any time records, (3) Moelis's professionals shall not be required to keep time records on a project category basis, and (4) Moelis shall not be required to provide or conform to any schedule of hourly rates.

6. The Indemnification Provisions of the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

> a) The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either (i) judicially determined (the determination having become final) to have primarily arisen from the Indemnified Person's gross negligence, willful misconduct, bad faith, or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege the breach of the Indemnified Person's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's bad faith, willful misconduct, or gross negligence but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;
>
> b) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (b) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Indemnified Persons for indemnification, contribution, or reimbursement, and is not a provision

limiting the duration of the Debtors' obligation to indemnify Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement; and

c) Any limitation on any amounts to be contributed by the parties to the Engagement Letter shall be eliminated.

7. The Debtors are authorized and empowered to take any and all actions necessary to implement the relief granted in this order.

8. This is a final order pursuant to 28 U.S.C. § 158 and, notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this order shall be effective and enforceable immediately upon entry hereof.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Date: January 20, 2010

Honorable Christopher S. Sontchi
United States Bankruptcy Judge